**FILED**
**Mar 20, 2026**
**02:01 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **L'KESHIA WATSON,** | ) | **Docket No. 2025-80-4314** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ACCENTCARE, INC.,** | ) | **State File No. 860190-2025** |
| **Employer,** | ) | |
| **and** | ) | |
| **AIU INSURANCE COMPANY,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on March 6, 2025. Ms. Watson requested additional medical and temporary disability benefits for her work injury. AccentCare denied the request for temporary benefits because it terminated Ms. Watson for cause. AccentCare argued they have provided all medical treatment and agreed to offer a panel of orthopedists.

For the reasons below the Court holds that Ms. Watson is entitled to additional medical but not temporary benefits.

### History of Claim

Ms. Watson injured her back and legs on June 5, 2025, when she fell while moving a patient. After reporting the injury, AccentCare directed her to a clinic for medical treatment. She was diagnosed with a lumbar sprain and placed on light duty with restrictions from June 5 to July 18. AccentCare terminated Ms. Watson on June 10.

1

On Ms. Watson's last clinic visit in January 2026, she reported continuing pain in her lower back. Shortly before the expedited hearing, AccentCare offered her a panel of orthopedic physicians. To date, she has not selected one.

Eboni Kelly-Williams, the Senior Employee Relations Advisor for AccentCare, testified by affidavit. She was involved in the decision to terminate Ms. Watson effective June 10. She explained that if Ms. Watson were not terminated, AccentCare could have accommodated her restrictions. In contrast, Ms. Watson testified that a manager told her that AccentCare had no light-duty work.

Ms. Watson argued that AccentCare terminated her for filing a workers' compensation claim.

However, the proof suggested Ms. Watson's manager submitted a request to terminate her on May 19—17 days before her injury. According to Ms. Kelly-Williams, AccentCare decided to give Ms. Watson time to improve. AccentCare presented documentation showing she demonstrated disruptive conduct on multiple occasions in May, refused to see patients on June 3, and received a complaint from one of their care facilities on June 3. All are violations of company policies in the employee handbook. When her conduct failed to improve, AccentCare approved her termination on June 5 and submitted the termination form on June 6.

### Findings of Fact and Conclusions of Law

Ms. Watson must prove she is likely to prevail at a hearing on the merits for her request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. Tenn. Code Ann. § 50-6-207(1)-(2). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Barrett v. Lithko Cont., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *8-9 (Dec. 8, 2016). However:

> [E]ven though an employee has a work-related injury for which temporary benefits are payable, the employer is entitled to enforce workplace rules. Thus, an employee's termination due to a violation of a workplace rule may relieve an employer of its obligation to pay

2

temporary disability benefits if the termination was related to the workplace violation.

*Id.*

Here, Ms. Watson argued that AccentCare terminated her for reporting a workers' compensation injury. While the timing of her termination raised some question as to motive, the totality of the evidence showed that AccentCare had a valid reason for her termination. She violated company policy before her date of injury, and the initial request to terminate her predated the injury. Later reports illustrated continued unacceptable conduct. Further, although she argued the manager texted her that light-duty work was available, she offered no proof of this exchange. She has not shown she is likely to prevail on this request.

Additionally, Ms. Watson sought medical benefits. She is still in pain and needs medical treatment.

The Appeals Board has explained: "Unless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017).

An employee must accept medical benefits, provided that the employer has offered a panel of physicians when an injured employee expresses a need for medical care. *Id.* § 204(a)(3)(A). An employer may direct an injured worker to an employer-sponsored medical provider. Tenn. Comp. R. & Regs. 0800-02-01-.06(4) (2023). However, an employer-directed provider does not replace a panel or relieve the employer of its obligation to give a panel of physicians. *Hawes v. McLane Co.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Aug. 25, 2021).

AccentCare has offered a panel of orthopedic physicians. Ms. Watson is obligated to select one who will become the authorized treating physician.

*Penalty Referral*

AccentCare did not *initially* offer a panel but instead directed Ms. Watson to the clinic.

Tennessee Code Annotated section 50-6-118(9) authorizes penalties for an employer's failure to timely offer a panel of physicians. Rule 0800-02-01-.06(1) of the Tennessee Compilation Rules and Regulations states that after "receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer shall, as soon as practicable but no later than three (3) business days after receipt of such request, provide the employee a panel of physicians[.]"

Subsection (2) of the rule states, "In the absence of evidence establishing a defense, where the employer fails to provide an appropriate initial panel of physicians to the employee within three (3) business days from the date the employer has notice of a work-related injury and the employee expressed a need for medical care, . . . the employer may be assessed a civil penalty[.]"

Here, Ms. Watson reported an injury that AccentCare accepted. However, instead of offering her a physician panel, they directed her to the clinic for medical treatment. The Court therefore refers AccentCare to the Compliance Program for the assessment of penalties under 50-6-118(9).

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Watson's request for temporary partial disability benefits is denied.

2. AccentCare already offered Ms. Watson a panel of orthopedic physicians. Her selection will become the authorized treating physician.

3. The Court refers AccentCare for penalties for violation of Tennessee Code Annotated section 50-6-118(9).

4. The Court sets a status conference for **May 4, 2026, at 10:30 A.M. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED March 20, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. L'Keisha Watson Affidavit
2. Eboni Kelly-Williams Affidavit
3. May 19, 2025 Email
4. _Identification Only._ AccentCare "Documented Discission Behavior/Conduct Report
5. First Report of Injury
6. Employee's Medical Records
7. Orthopedic Panel of Physicians

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 20, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| L'Keshia Watson, Employee | X | ondatkeshia@gmail.com |
| Rhoberta Orsland, Employer's Attorney | X | rorsland@manierherod.com |
| Compliance Program | X | WCCompliance.Program@tn.gov |

_____

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                          Page **1** of **2**                          RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*